# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NOAH SCHROEDER,**

   Plaintiff,

  -vs-              Case No. 15-CV-1158

**TERRY SAWALL,**
**MICHAEL MEISNER,**
**STEVE SCHUELLER,**
**MICHELLE SMITH,**
**EDWARD WALL,**
**ASHLEY FREITAG,**
**SCOTT ECKSTEIN, and**
**JOHN/JANE DOE,**

   Defendants.

## DECISION AND ORDER

  The plaintiff, Noah Schroeder, a state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated by employees at Redgranite Correctional Institution. This matter comes before the Court on the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint.

### I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

  The plaintiff has been assessed and paid an initial partial filing fee of $41.28. The Court will grant his motion for leave to proceed *in forma pauperis*.

## II. SCREENING

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, . . . 'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions "must be supported by factual allegations." *Id.* If there are "well-pleaded factual allegations," the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal

construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Complaint Allegations

In his sworn complaint, the plaintiff asserts that defendant Captain Terry Sawall, a supervisor at Redgranite Correctional Institution, told another inmate that the plaintiff was a snitch and publicized the lie. The plaintiff wrote to the Warden, the Security Director, the Institution Complaint Examiner, the Corrections Complaint Examiner, and the Secretary of the Wisconsin Department of Corrections. He told each of them that he feared for his safety.

The plaintiff was at recreation "a couple months later" when another inmate attacked him from behind, stabbing the plaintiff fifteen times and choking him. In order to attack the plaintiff, the other inmate had to exit one secure location and enter another secure location. As a result, the plaintiff believes that staff let the inmate through both areas with a potentially harmful weapon to attack the plaintiff.

The plaintiff has named each defendant in his or her individual and official capacities. The plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

**B. Discussion**

An Eighth Amendment claim for failure to protect an inmate from violence has two elements: first, that an inmate was incarcerated under conditions posing a "substantial risk of serious harm," and second, that a prison official displayed "deliberate indifference" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1991). A prison official displays deliberate indifferent to an inmate's safety when the official "knows of and disregards an excessive risk" to the inmate's safety." *Id.* at 837.

According to the plaintiff's complaint, defendant Terry Sawall placed the plaintiff in substantial risk of serious harm by falsely labeling the plaintiff a "snitch" and spreading the word. Additionally, Sawall, the defendants to whom the plaintiff wrote (Meisner, Schueller, Smith, Wall, Freitag, and Eckstein), and the defendants who let the inmate who attacked the plaintiff through the secure locations (presumably John and Jane Doe) may have been deliberately indifferent to the risk to the plaintiff of being labeled a "snitch."

The plaintiff may proceed on Eighth Amendment failure to protect claims against each of the defendants in his or her individual capacity.

Once the defendants have filed an answer, the plaintiff should use discovery (interrogatories and requests for production of documents under

- 5 -

Case 2:15-cv-01158-LA   Filed 11/12/15   Page 5 of 8   Document 8

Federal Rules of Civil Procedure 33 and 34) to identify the defendants sued as John and Jane Doe. He may then ask the Court to substitute the names for John and Jane Doe.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $308.72 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's

trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely

- 7 -

submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of November, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**