# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NOAH SCHROEDER,**

      Plaintiff,

-vs-                                          Case No. 15-CV-1158

**TERRY SAWALL,**
**MICHAEL MEISNER,**
**SCOTT ECKSTEIN,**
**STEVE SCHUELER,**
**ANDREW WESNER,**
**DAVID FISCHER,**
**TOM DOBBERSTEIN,**
**DANIEL SCHILLING,**
**BRIAN KROPP**
**ASHLEY FRIETAG,**
**MICHELLE SMITH, and**
**EDWARD WALL,**

      Defendants.

# DECISION AND ORDER

This matter is now before the Court on the plaintiff's motions to appoint counsel and for screening of the plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a).

## I. SCREENING

On June 16, 2015, another inmate attacked the plaintiff in the recreation yard at Redgranite Correctional Institution. The plaintiff believes he was attached because he was falsely labeled a "snitch" by

defendant Terry Sawall in March 2015. Prior to the attack, the plaintiff expressed concern for his safety to a number of Wisconsin Department of Corrections employees.

In his amended complaint, the plaintiff once again states Eighth Amendment failure to protect claims against defendants Terry Sawall, Michael Meisner, Edward Wall, Steve Schueler, Scott Eckstein, Ashley Freitag, and Michelle Smith. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1991). He also has identified correctional officers Tom Dobberstein and Brian Kropp as the defendants he originally named as John Does, who were guarding the recreation yard during the attack. The plaintiff may proceed on Eighth Amendment failure to protect claims against Dobberstein and Kropp.

The plaintiff also names several new defendants and asserts new claims. According to the plaintiff, defendant David Fischer violated his due process right by interviewing the plaintiff three times trying to implicate the plaintiff and his attacker in a conspiracy. The plaintiff does not believe Fischer was looking out for his best interests and incriminated the plaintiff instead of protecting him. However, there is no due process right that protects the plaintiff from being interviewed. The Court will dismiss Fischer.

Next, the plaintiff submits that defendant Daniel Schilling knowingly allowed the plaintiff's attacker to leave the unit after an argument about the attacker wanting to return to maximum security prison. The plaintiff asserts that there was no institution movement at the time, and the unit was on minimal movement because canteen was being distributed. The plaintiff believes that Schilling should have recognized the danger of the inmate's tone and not let the attacker leave the unit (or even should have placed him in a more controlled status) due to his "hostile state of mind." (ECF No. 21 at 8).

To state a failure to protect claim, a plaintiff must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendant-officials acted with "deliberate indifference" to that risk. *Farmer*, 511 U.S. at 834. It is not plausible that Schilling was deliberately indifferent to a risk to the plaintiff when he allowed the attacker to leave the unit angry. There is no suggestion that Schilling had any reason to believe that the attacker was planning to harm the plaintiff or would go to the recreation yard to harm another inmate. The Court will dismiss Schilling as a defendant.

As to defendant Andrew Wesner, the plaintiff makes the general allegation that there was no correctional officer guarding "main street," the

- 3 -

main road from the units to the recreation yard. The plaintiff says that this "post being unguarded by any correctional officer is a dereliction by captain Andrew Wesner as the shift supervisor." (ECF No. 21 at 6). Once again, this allegation does not rise to the level of deliberate indifference to the plaintiff. Even if Wesner was aware that the post was unguarded, it is not plausible that the post being unguarded meant Wesner was deliberately indifferent to the plaintiff's safety as an inmate in the recreation yard. The Court will dismiss Wesner as a defendant.

In addition to the plaintiff's Eighth Amendment claims against the defendants, he alleges that defendants Smith and Freitag, who are institution complaint examiners, failed to appropriately investigate his inmate complaints.

The plaintiff also suggests that Smith, Freitag, and Meisner violated his due process rights by not properly handling complaints of staff misconduct. However, a failure to follow procedures set by local rules or regulations in itself does not violate due process. *Davenport v. Rodgers*, 626 Fed.Appx. 636, 637 (7th Cir. 2015) (citations omitted).

Also, the plaintiff has no due process right to have his complaints handled according to procedures if they do not implicate a liberty interest. To establish a procedural due process violation, a prisoner must

- 4 -

demonstrate that the state deprived him of a liberty or property interest created either by state law or the Due Process Clause itself. *See Sandin v. Connor*, 515 U.S. 472, 483-84 (1995). A liberty interest exists when prison officials restrain the freedom of inmates in a manner that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. The plaintiff alleges no such restraint of freedom, and he may not proceed on any due process claims.

Finally, the plaintiff asserts that he experienced diverse forms of retaliation. To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [d]efendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (internal quotations omitted). Although the plaintiff states that he filed complaints on most of the acts of retaliation and describes those acts, he does not suggest what exercise of his First Amendment rights led to the retaliation or who was responsible for some of the alleged acts of retaliation. The Court will not allow the plaintiff to proceed any retaliation claims at this time.

## II.  MOTIONS TO APPOINT COUNSEL

The plaintiff filed two motions to appoint counsel, on February 24, 2016, and March 10, 2016.  In the first motion, the plaintiff argues that he is unable to afford counsel, that he has limited knowledge of the law, that his imprisonment will limit his ability to litigate this case, and that a trial in this case will involve conflicting testimony and a lawyer would be better able to present evidence and cross examine witnesses.  He also states that he has made repeated efforts to obtain a lawyer.

In his second motion, the plaintiff makes the same arguments and also includes the name and address of one attorney he contacted who said his firm would not be able to represent the plaintiff unless the Court asked him to do so.  Consequently, the plaintiff asks the court to appoint that attorney to represent him.

The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case and who is unable to represent himself.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).  As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).  If the plaintiff makes a reasonable attempt to

secure counsel, the Court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only on the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

The Court considers the plaintiff's representation that he contacted several attorneys, along with the name and address of one of those attorneys, sufficient to satisfy the threshold requirement of attempting to secure counsel on his own. However, the Court will not "appoint" the attorney the plaintiff requested. The Court believes the plaintiff misunderstood the communication from the attorney. The attorney was not agreeing to take this case if the Court appointed him. He was advising the plaintiff that his firm only takes on pro bono counsel where the Court has determined there to be a need and requested that his firm represent someone.

Before considering who to recruit to represent a plaintiff, the Court must consider whether there is a need in this case, *i.e.,* whether this particular plaintiff is competent to litigate this particular case. *See*

*Navejar*, 718 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). To date, the plaintiff has submitted very clear and information pleadings and has been able to communicate well with the Court. Also, implicit in the plaintiff's identification of the John Does is his ability to use the discovery process to obtain information from the defendants regarding his claims. The Court will deny without prejudice the plaintiff's motions to appoint counsel.

## III. ORDER

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the plaintiff's motion to appoint counsel (ECF No. 19) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 23) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the following defendants are **DISMISSED**: David Fischer, Daniel Schilling, and Andrew Wesner.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the remaining state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service

agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 15th day of June, 2016.

                                      **BY THE COURT:**

                                      _____
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**

- 9 -

Case 2:15-cv-01158-LA   Filed 06/15/16   Page 9 of 9   Document 27