UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NOAH SCHROEDER,

    Plaintiff,

v.                                              Case No. 15-CV-1158

TERRY SAWALL, et al.,

    Defendants.

## DECISION AND ORDER

On September 13, 2016, plaintiff filed a motion to appoint counsel and a motion for an order compelling the production of certain evidence.

In his motion to appoint counsel, plaintiff argues that his imprisonment greatly limits his ability to litigate, that the issues involved in this case are complex and will require significant research and investigation, and that he has limited knowledge of the law. Plaintiff further contends that a trial in this case will likely involve conflicting testimony and counsel would be better able to present evidence and cross examine witnesses. Plaintiff also believes that inmates and staff at Redgranite Correctional Institution should be deposed to develop a clearer picture of the facts.

Plaintiff's motion satisfies the threshold burden of showing a reasonable attempt to secure counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Therefore, I must consider "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt*, 503 F.3d at 655). To

decide that, the court looks not only at the plaintiff's ability to try his case but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.* Under this analysis, I come to the same conclusion that United States District Judge Rudolph T. Randa did on June 15, 2016, when he denied plaintiff's two previous motions to appoint counsel. (ECF No. 27). Plaintiff continues to communicate clearly with the court and appears to have a plan for discovery and the gathering of information to support his claims. While depositions are one tool for discovering information, the Federal Rules of Civil Procedure provide other ways for a plaintiff to obtain information from defendants, including interrogatories, requests for production of documents, and requests for admissions. I will deny without prejudice plaintiff's motion to appoint counsel.

In his other motion, plaintiff asks me to compel the Waushara County District Attorney to release certain evidence taken by the Redgranite Police Department, including recorded interviews, photographs of the crime scene, photographs of the puncture wounds, plaintiff's t-shirt with puncture holes in it (or a photograph of the t-shirt), and transcripts from the attacker's sentencing hearing. Plaintiff wrote to the Waushara County District Attorney and asked him to hold all evidence and send plaintiff what he could without a court order. He provided a copy of the letter he wrote, but he does not indicate whether he received any response. In any event, the Waushara County District Attorney is not a party to this action and therefore is not obligated to respond to defendants' discovery requests. I will deny this motion.

In order to discover information from non-parties, plaintiff may follow the procedures for subpoenas set forth in Federal Rule of Civil Procedure 45. *See Hobley v.*

2

*Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (Rule 45 subpoena is the only way to get documents from a non-party).

**THEREFORE, IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket #39) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #41) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge

3

Case 2:15-cv-01158-LA   Filed 10/14/16   Page 3 of 3   Document 43