IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
_____

NOAH SCHROEDER,

          Plaintiff,

Case No.: 15-CV-1158

v.

TERRY SAWALL, MICHAEL MEISNER,
SCOTT ECKSTEIN, STEVE SCHUELER,
ANDREW WESNER, DAVIS FISCHER,
TOM DOBBERSTEIN, DANIEL SCHILLING,
BRIAN KROPP, ASHLEY FRIETAG,
MICHELLE SMITH, and EDWARD WALL,

          Defendants.
_____

**DEFENDANT EDWARD WALL'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**
_____

Defendant Edward Wall, by his attorneys, Crivello Carlson, S.C., respectfully submits this Brief in Support of his Motion for Summary Judgment.

## INTRODUCTION

Plaintiff Noah Schroeder is an inmate in the Wisconsin prison system. He is suing current and former employees of the Wisconsin Department of Corrections (hereinafter "DOC"), claiming that they violated his Eighth Amendment rights under the Constitution. Specifically, Plaintiff alleges that the defendants allowed untrue statements about him to become public within the confines of the Redgranite Correctional Institution (hereinafter "Redgranite"). As a result, Plaintiff was attacked by another inmate. Plaintiff alleges that the defendants were aware of this present danger and failed to protect him from harm, in violation of his Eighth Amendment

rights. For the reasons stated below, the Court should grant Edward Wall's Motion for Summary Judgment.

## STATEMENT OF THE FACTS

Plaintiff is an inmate, who at all times relevant to this lawsuit, was housed at Redgranite Correctional Institution (hereinafter "Redgranite"). (DPF ¶ 1). Redgranite is a medium security institution that houses approximately 1,000 inmates. (DPF ¶ 12). Plaintiff was transferred to Redgranite on September 5, 2012, and is currently housed at Wisconsin Resource Center. (DPF ¶ 1).

Michael Meisner is currently employed by the Wisconsin Department of Corrections (hereinafter "DOC") as the Warden of Redgranite. (DPF ¶ 2). Mr. Meisner has been the Warden of Redgranite since March 2014, and he has served as Warden of Redgranite at all times relevant to this lawsuit. (*Id.*).

Edward Wall was the Secretary of the DOC from October 27, 2012, until February 27, 2016. (SPFOF ¶ 1). Although Wall had general supervisory authority over DOC operations as provided in Wisconsin Statutes, he did not supervise the day-to-day operations of DOC institutions while he served as DOC Secretary. (SPFOF ¶ 2). Instead, Wall deferred to corrections staff at each institution to make day-to-day decisions and to supervise inmates (*Id.*). Likewise, Wall did not review, assess, or handle any of Plaintiff's written offender complaints as DOC Secretary. (SPFOF ¶ 7).

During Wall's tenure as DOC Secretary, the Secretary's office reviewed numerous letters from inmates addressed to Wall. (SPFOF ¶ 3). Only with very few exceptions, Wall did not personally read or respond to letters from inmates. (*Id.*). Rather copies of these letters were forwarded to personnel in the appropriate division for handling. (*Id.*).

In March of 2015, the DOC Secretary's office received a letter from Plaintiff. (SPFOF ¶ 4). The letter was signed and dated by Plaintiff on March 19, 2015. (*Id.*). Consistent with Wall's standard practice as DOC Secretary, he did not personally read or respond to Plaintiff's March 19, 2015 letter. (SPFOF ¶ 5). Instead, a copy of this letter was forwarded by Wall's office to Warden Meisner for the proper handling of the Plaintiff's concerns, as contained in the letter. (SPFOF ¶ 6). Wall's involvement in the events giving rise to Plaintiff's lawsuit is limited to his receipt and the forwarding of Plaintiff's March 19, 2015 letter. (*See* Dkt. No. 21; *See* SPFOF).

## LEGAL ARGUMENT

### I. SUMMARY JUDGMENT STANDARD

This Court has jurisdiction over the plaintiff's federal civil rights claims pursuant to 28 U.S.C. § 1331 and venue is proper pursuant to 28 U.S.C. § 1391. Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, establish that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The initial burden is on the moving party to demonstrate, with or without supporting affidavits, the absence of a genuine issue of material fact and that judgment as a matter of law should be granted to the movant. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). A material fact is one that is outcome-determinative of an issue in the case with substantive law identifying which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

Once the moving party has met this initial burden, the opposing party must go beyond the pleadings and designate the specific facts showing that there is a genuine issue for trial. *Id.* at 248; 106 S.Ct. 2505. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id*. at 242; 106

S.Ct. 2505. Nor will speculation, hearsay or conclusory allegations suffice to defeat summary judgment. *Gobitz v. Corvilla, Inc.*, 196 F.3d 879, 882 (7th Cir. 1999); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); *see also Mills v. First Federal Savings & Loan*, 83 F.3d 833, 840 (7th Cir. 1996). Further, "[w]hen the non-movant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict." *Lawrence v. Kenosha County*, 304 F. Supp. 2d 1083, 1087 (E.D. Wis. 2004), citing *Anderson*, 477 U.S. at 267; 106 S.Ct. 2505.

## II. WALL WAS NOT DELIBERATELY INDIFFERENT AS A MATTER OF LAW

The Eighth Amendment guarantees that prison officials "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the prison officials identified acted with "deliberate indifference" to that risk. *Id.*; *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A prison official displays deliberate indifference to an inmate's safety when the official "knows of and disregards an excessive risk" to the inmates safety." *Farmer*, 511 U.S. at 837.

Plaintiff's inability to establish Wall's personal participation in his alleged constitutional deprivation requires the dismissal of his deliberate indifference claim against Wall. *See Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) (citing *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002)). Title 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1822 (1997) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240,

4

1248 (7th Cir. 1994), *cert. denied*, 513 U.S. 1128 (1995). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937 (2009). Similarly, government officials cannot be held liable for staying within their job and relying on other employees to do their jobs. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

First, although Wall had general supervisory authority over DOC operations as provided in Wisconsin Statutes, he did not supervise the day-to-day operations of individual DOC institutions while he served as DOC Secretary. (SPFOF ¶ 2). Rather, Wall deferred to corrections staff at each institution to make day-to-day decisions and to supervise inmates. (*Id*). Consequently, Wall had no personal involvement in any of the decisions, determinations, or alleged mishandlings relating to Plaintiff's inmate grievances or complaints. (SPFOF ¶ 7).

Wall's involvement in the events underlying Plaintiff's claims is limited to his alleged non-response to a letter Plaintiff sent to Wall's office in March 2015. (*See* Dkt. No. 21 ¶¶ 33, 34, 43; SPFOF ¶ 4, Ex. A). However, personal involvement cannot be established simply by alleging that a defendant was notified by letter of an alleged constitutional deprivation. *Volk v. Coler*, 638 F.Supp. 1540, 1548 (C.D. Ill. 1986), *aff'd* 845 F.2d 1422 (7th Cir. 1988). For a court to assign liability to a public official simply because of their non-response to a letter alleging a prisoner's constitutional deprivation impractically impedes the efficient performance of tasks and hinders bureaucratic organization. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (*called into doubt on unrelated grounds by Riley v. Vilsack*, 665 F.Supp.2d 994, 1001 (W.D. Wis. 2009).

During Wall's tenure as DOC Secretary, his office reviewed numerous letters that were addressed to him. (SPFOF ¶ 3). However, only with very few exceptions, Wall did not

personally read or respond to letters from inmates. *Id.* Instead, copies of these letters were routinely forwarded to personnel in the appropriate division for handling. *Id.* Here, Plaintiff's March 19, 2015 letter to Wall was forwarded to Warden Meisner by Wall's office, in order for the personnel in the appropriate division of the DOC to properly address the contents of said letter. (SPFOF ¶ 6). Consistent with standard practice, Wall did not personally read or respond to Plaintiff's letter. (SPFOF ¶ 5). Because of Wall's lack of personal involvement in the events underlying Plaintiff's claims, as well as his justified reliance on other DOC prison officials to perform their respective duties in managing the affairs of Redgranite, he is entitled to summary judgment as a matter of law and should be dismissed as a defendant in this lawsuit.

## III. PLAINTIFF'S CLAIMS AGAINST WALL ARE BARRED BY QUALIFIED IMMUNITY

Even if the Court finds that Wall was personally involved in the events underlying Plaintiff's claims, Wall is entitled to qualified immunity. Governmental officials performing discretionary functions are shielded from liability so far as their conduct does not violate any clearly established constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727 (1992); *Hinnen v. Kelly*, 992 F.2d 140, 142 (7th Cir. 1993). An official is entitled to immunity if, when he acted, "he reasonably could have believed that his action did not violate a clearly established law." *Cham v. Wodnick*, 123 F.3d 1005, 1008 (7th Cir. 1997), cert denied, 522 U.S. 1117 (1998). "As the qualified immunity defense has evolved, it provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092 (1986).

When the defense of qualified immunity is raised, the Plaintiff bears the burden of proving the existence of a clearly established right. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994); *see Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010). Further,

6

the Plaintiff bears the burden of showing that the alleged violation was clearly established "before the defendants acted or failed to act." *Rice v. Burk*, 999 F.2d 1172, 1174 (7th Cir. 1993). The Plaintiff must demonstrate the existence of a clearly established right by identifying a closely analogous case that had decided that the conduct was forbidden. *Forman v. Richard Police Department*, 104 F.3d 950, 958 (7th Cir. 1997). While Plaintiff need not point to a case that is factually identical to the present suit, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 737, 131 S.Ct. 2074, 2083 (2011). In determining whether the right alleged to have been violated was "clearly established," a constitutional right must have been identified in a particularized sense with regard to the circumstances of the alleged violation. *Warlick v. Cross*, 969 F.2d 303, 309 (7th Cir. 1992).

Here, Plaintiff cannot prove that Wall has violated a clearly-established statutory or constitutional right by forwarding his March 19, 2015 letter to Warden Meisner for appropriate handling. Plaintiff does not have a constitutional right in having the Wall, as the DOC Secretary, personally investigate his grievances or concerns, as presented in his March 19, 2015 letter. While Plaintiff does have a constitutional interest prison officials taking reasonable measures to ensure the safety of the prison's inmates, there are no closely analogous cases that stand for the proposition that Wall's delegation of duties, as carried out in this matter, was not a reasonable measure to ensure Plaintiff's safety. Wall's forwarding of Plaintiff's letter to Warden Meisner is arguably more reasonable under the circumstances than if he were to personally investigate Plaintiff's concerns that were outline in the letter. First, Warden Meisner specifically oversaw Redgranite – not the entire Wisconsin prison system. Moreover, as Warden, Meisner is more intimately familiar with Regranites daily operations, staff and prisoner interactions, and inmate interactions. Therefore, it cannot be said that Wall's forwarding of Plaintiff's letter to Warden

7

Meisner to address Plaintiff's concerns within the prison violated a clearly established constitutional or statutory right of the plaintiff. As such, Wall is entitled to qualified immunity and, therefore, he should be granted summary judgment.

## **CONCLUSION**

Based on the foregoing, Edward Wall respectfully request that the Court grant summary judgment in his favor.

Dated this 3rd day of February, 2017.

>CRIVELLO CARLSON, S.C.
>Attorneys for Defendant, Edward Wall
>
>BY: s/ *Zachary J. Flood*
>SAMUEL C. HALL, JR.
>State Bar No.: 1045476
>ZACHARY J. FLOOD
>State Bar No. 1099136
>P.O. ADDRESS:
>710 North Plankinton Avenue
>Suite 500
>Milwaukee, Wisconsin 53203
>Phone: 414-271-7722
>Fax: 414-271-4438
>E-mail: shall@crivellocarlson.com
>zflood@crivellocarlson.com