IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

NOAH SCHROEDER,

        Plaintiff,

Case No.: 15-CV-1158

v.

TERRY SAWALL, MICHAEL MEISNER,
SCOTT ECKSTEIN, STEVE SCHUELER,
ANDREW WESNER, DAVIS FISCHER,
TOM DOBBERSTEIN, DANIEL SCHILLING,
BRIAN KROPP, ASHLEY FRIETAG,
MICHELLE SMITH, and EDWARD WALL,

        Defendants.

## DEFENDANT EDWARD WALL'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Defendant Edward Wall, by his attorneys, Crivello Carlson, S.C., respectfully submits this Reply Brief in Support of his Motion for Summary Judgment.

## LEGAL ARGUMENT

### I. PLAINTIFF'S RESPONSES TO WALL'S DECLARATION SHOULD BE DISREGARDED

Plaintiff has not responded to Wall's Proposed Findings of Fact and, therefore, those facts are undisputed.[1] Plaintiff did, however, respond to Wall's Declaration. (Dkt. 78). To the extent the Court considers this a response to Wall's Proposed Findings of Fact, the response should be disregarded because Plaintiff does not provide evidentiary support to support his position as required by the Federal Rules of Civil Procedure Rule 56 and Eastern District Civil

---

[1] Wall has adopted Defendants' Joint Proposed Findings of Fact (Dkt. 57) in his Supplemental Proposed Findings of Fact. Plaintiff also did not respond to Defendants' Joint Proposed Findings of Fact and, therefore, the factual assertions contained therein are also undisputed.

Local Rule 56(b)(2)(B). As such, the Wall's Proposed Findings of Fact should be deemed admitted, and the Plaintiff's responses should be disregarded.

When the opposing party provides a response to the moving party's statement of facts, and the response is in disagreement with the moving party's facts, the opposing party's response **must contain** "specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon" related to the disagreement. Civ. L.R. 56(b)(2)(B)(i). Further, Eastern District Civil Local Rule 56(b)(2)(B)(ii) requires that the opposing party's response to the moving party's proposed statement of facts include:

> [A] statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph.

Plaintiff offers responses to Wall's Declaration, which contain additional factual allegations. (Dkt. 78). However, these proposed facts do not include references or citations to affidavits, declarations, parts of the record, or other supporting materials that he relies upon in support of his proposed facts. As such, the Plaintiff's additional factual assertions should be disregarded.

Plaintiff has failed to properly support his disagreements with Wall's assertions, and he has failed to properly support his own factual allegations. As such, the Court should disregard them in their entirety. *See Schissel v. Casperson*, No. 06-C-747, 2008 WL 619205, at fn. 1 (E.D. Wis. 2008). Further, the Court should deem Wall's Proposed Findings of Fact admitted. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Garza v. Wautoma Area Sch. Dist.*, 984 F. Supp. 2d 932, 935 (E.D. Wis. 2013); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 810 (7th Cir. 2005).

Plaintiff's failure to comply with Civil Local Rule 56 is not excused by his pro se status. *See Seabolt v. Harenke*, No. 05-C-1240, 2008 WL 3290089, at *2 (E.D. Wis. 2008), citing *Greer v. Bd. of Educ. of Chicago*, 267 F.3d 723, 727 (7th Cir.2001).

Wall's Proposed Findings of Fact are undisputed and no material issue of fact exists and, therefore, Wall should be granted Summary Judgment.

## II. WALL'S LACK OF PERSONAL INVOLVMENT ENTITLES HIM TO SUMMARY JUDGMENT

Plaintiff's inability to establish Wall's personal participation in his alleged constitutional deprivation requires the dismissal of his deliberate indifference claim against Wall. *See Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003) (citing *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002)). Title 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied*, 117 S. Ct. 1822 (1997) (quoting *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994), *cert. denied*, 513 U.S. 1128 (1995). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937 (2009).

Wall's involvement in the events underlying Plaintiff's claims is limited to his alleged non-response to a letter Plaintiff sent to Wall's office in March 2015. (*See* Dkt. No. 21 ¶¶ 33, 34, 43; SPFOF ¶ 4, Ex. A). However, personal involvement cannot be established simply by alleging that a defendant was notified by letter of an alleged constitutional deprivation. *Volk v. Coler*, 638 F.Supp. 1540, 1548 (C.D. Ill. 1986), *aff'd* 845 F.2d 1422 (7th Cir. 1988).

In his Responses to Summarized Declarations of Edward Wall, Plaintiff concedes the fact that Wall had no personal involvement in his alleged constitutional deprivation. (Dkt. 78)

3

(stating "Edward is responsible . . . even if he had no 'personal' involvement."). Acknowledging Wall's lack of personal involvement, Plaintiff seems to argue that personal liability should attach to Wall because his delegation of duties regarding the Plaintiff's letter to Wall was improper. However, in making this argument, Plaintiff cites to no authority that supports his contention that Wall's delegation was unconstitutional. Plaintiff's March 19, 2015 letter to Wall was forwarded to Warden Meisner by Wall's office, in order for the personnel in the appropriate division of the DOC to properly address the contents of said letter. (SPFOF ¶ 6). Wall cannot be held liable for staying within his job as DOC Secretary and relying on other DOC employees to do their jobs. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The forwarding of Plaintiff's letter to the proper DOC division for handling was consistent with the Office of the Secretary's practice, and it is not unconstitutional. *See Id.* (reasoning that holding a public official liable solely for his or her non-response to a letter alleging a prisoner's constitutional deprivation would impractically impede the efficient performance of bureaucratic tasks).

Therefore, because Wall had no personal involvement in Plaintiff's alleged constitutional deprivation, Plaintiff is unable to establish his deliberate indifference. Moreover, despite Plaintiff's allegations that Wall's delegation of duties in this matter establishes his liability, he fails to cite to any supporting authority and does not address or differentiate the authority cited to by the defense which stands for propositions contrary to the arguments raised in Plaintiff's Response. As such, Wall should be granted summary judgment.

### III. WALL IS ENTITED TO QUALIFIED IMMUNITY

If the Court does find that Wall was personally involved, he is still protected from liability under the doctrine of qualified immunity. When the defense of qualified immunity is raised, the Plaintiff bears the burden of proving the existence of a clearly established right.

4

Case 2:15-cv-01158-LA   Filed 03/09/17   Page 4 of 6   Document 80

*Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994); *see Estate of Escobedo v. Bender*, 600 F.3d 770, 779 (7th Cir. 2010). Further, the Plaintiff bears the burden of showing that the alleged violation was clearly established "before the defendants acted or failed to act." *Rice v. Burk*, 999 F.2d 1172, 1174 (7th Cir. 1993). The Plaintiff must demonstrate the existence of a clearly established right by identifying a closely analogous case that had decided that the conduct was forbidden. *Forman v. Richard Police Department*, 104 F.3d 950, 958 (7th Cir. 1997). While Plaintiff need not point to a case that is factually identical to the present suit, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 737, 131 S.Ct. 2074, 2083 (2011).

Here, Plaintiff cannot prove that Wall has violated a clearly-established statutory or constitutional right by forwarding his March 19, 2015 letter to Warden Meisner for appropriate handling. As noted in Section I of this Brief, Plaintiff has failed to identify any closely analogous case law that supports his contention that Wall's forwarding of his March 2015 to Warden Meisner was unconstitutional. Therefore, it cannot be said that Wall's delegation of duties in this matter violated a clearly established constitutional or statutory right of the plaintiff. Plaintiff has a constitutional right in having prison officials taking reasonable measures to ensure his safety; however, there are no closely analogous cases that deem Wall's delegation of duties in this matter as unreasonable under the circumstances. Consequently, even if Wall's forwarding of Plaintiff's letter is found to constitute the requisite personal involvement in Plaintiff's alleged constitutional deprivation, he is protected by qualified immunity. As a result, Wall's dismissal from this case is warranted.

5

## **CONCLUSION**

Based on the foregoing, Edward Wall respectfully request that the Court grant summary judgment in his favor.

Dated this 9th day of March, 2017.

                        CRIVELLO CARLSON, S.C.
                        Attorneys for Defendant, Edward Wall

                BY:  s/ *Zachary J. Flood*
                        SAMUEL C. HALL, JR.
                        State Bar No.: 1045476
                        ZACHARY J. FLOOD
                        State Bar No. 1099136
                        P.O. ADDRESS:
                        710 North Plankinton Avenue
                        Suite 500
                        Milwaukee, Wisconsin 53203
                        Phone: 414-271-7722
                        Fax:    414-271-4438
                        E-mail: shall@crivellocarlson.com
                                      zflood@crivellocarlson.com